IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTIN J. WALSH,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                                    Plaintiff,<br>            v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                                    Defendant. | Case No. 3:22-cv-6002<br><br>COMPLAINT – LABOR;<br>29 U.S.C. § 660(c) |

COMPLAINT

1. Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("Plaintiff" or the "Secretary"), brings this action for injunctive and other relief, pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970, as amended, (29 U.S.C. §§ 651-78) ("the Act"), seeking to enforce the provisions of Section 11(c) of the Act.

2. Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2).

3. Defendant United States Postal Service ("USPS") sorts and delivers mail out of a fa-

*Complaint Page | 1*

U.S. Dept. of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7750

cility located at University Place Branch in Tacoma, Washington, which is within the jurisdiction of this Court.  Defendant USPS is now, and was at all relevant times, a person as defined in 29 U.S.C. § 652(4)-(6).

4. On or about September 5, 2020, Christopher Jimenez began working for Defendant USPS as a temporary/seasonal employee, at the University Place Branch in Tacoma, Washington facility.

5. On or about January 30, 2021, Mr. Jimenez converted from a seasonal employee to a regular Postal Support Employee/Mail Processing Clerk ("PSE"), at the University Place Branch in Tacoma, Washington facility.

6. In this capacity, Mr. Jimenez was subject to a new-employee 90-day probationary period, which was scheduled to end on or about April 30, 2021.  Mr. Jimenez was terminated by Defendant USPS on April 26, 2021, four days before his probationary-period was scheduled to conclude.  At all times relevant, Mr. Jimenez was an employee of Defendant USPS as defined in 29 U.S.C. §§ 652 (5)-(6).

7. On or about February 13, 2021, Mr. Jimenez called in to advise Defendant USPS he was not able to report to work because of a snowstorm that blanketed the area.

8. On April 1, 2021, Mr. Jimenez called in to advise Defendant USPS he was not able to come in that day because he needed to take a family member to the emergency room.

9. On or about April 12, 2021, Mr. Jimenez suffered an injury at work while he was still a probationary employee.

10. On or about April 13, 2021, Mr. Jimenez missed work because of the on-the-job injury he sustained on April 12, 2021.

11. On or about April 14, 2021, Mr. Jimenez reported to work and advised the supervisor on duty, D'Angelo Robertson, that he sustained an on-the-job injury on April 12, 2021.  Mr. D'Angelo collected a brief statement about the injurious activity/injury on this date.

12. On April 15, 2021, Mr. Jimenez sought medical care for his on-the-job injury.

13. Later on April 15, 2021, Mr. D'Angelo conducted an investigative interview of Mr. Jimenez and, as part of that process, Mr. Jimenez completed and submitted an accident report.

14. Mr. Jimenez returned to work on April 19, 2021.

15. On or around April 26, 2021, Customer Service Manager Dagmar Wilson issued a Notice of Separation ("Notice") which was sent via certified mail, citing Dependability and Work Quality (Unsafe Act) as the bases for terminating Mr. Jimenez.  Specifically, the Notice read:

> Since your Enter on Duty date of January 30, 2021 you have been absent from work multiple times and demonstrated the inability to work in a safe manner.  The Postal Service needs to be able to depend on its employees and you have not demonstrated any improvement and as a result you are being removed.

16. In its August 3, 2021, position statement to the Occupational Safety and Health Administration ("OSHA"), Defendant USPS reiterated the bases cited above as the reasons for terminating Mr. Jimenez.

17. In OSHA's March 18, 2022, interview of the terminating official, Ms. Wilson affirmed that she terminated Mr. Jimenez based on his absences, though she asserted that she specifically excluded the April 14 and 15, 2021 absences from her consideration.  She also retracted or disavowed Work Quality/Unsafe Act as a basis for terminating Mr. Jimenez.  Indeed, on March 18, 2022, Ms. Wilson said the *only* reason she terminated Mr. Jimenez was his absences.

18. USPS management at the University Place Branch in Tacoma, Washington had a policy that required managers to speak to employees (via one-on-one discussion) who missed two days of work during their probationary period.  Defendant USPS did not speak to Mr. Jimenez about his February 13, 2021 and April 1, 2021 absences.

19. USPS Handbook EL-312 Employment and Placement ("USPS Handbook") and USPS document PS Form 1750 requires that probationary employees such as Mr. Jimenez receive three evaluations during their probationary period.  The three evaluations are to occur at 30 days, 60 days, and 80 days of this probationary employment.

20. Defendant USPS failed to evaluate Mr. Jimenez at the 30-, 60-, or 80- day mark in his probationary employment.

21. On May 6, 2021, Mr. Jimenez filed a formal whistleblower complaint to OSHA, alleging that Defendant USPS retaliated against him in violation of § 11(c)(1) of the Act, 29 U.S.C. §

*Complaint Page | 3*

U.S. Dept. of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7750

660(c)(1).

22. Plaintiff investigated the whistleblower complaint in accordance with § 11(c)(2) of the Act and determined that Defendant USPS violated § 11(c)(1) of the Act. 29 U.S.C. §§ 660(c)(1)-(2).

23. By the acts described above, and by each of said acts, Defendant USPS discharged Mr. Jimenez because he exercised his rights under or related to the Act, i.e., reporting a workplace injury, and thereby Defendant USPS engaged in, and is engaging in, conduct in violation of § 11(c)(1) of the Act.  29 U.S.C. § 660(c)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, good cause having been shown, the Secretary of Labor prays for a Judgment against Defendant USPS as follows:

(1) For an Order permanently enjoining Defendant USPS, its officers, agents, servants, employees, and all persons acting or claiming to act in their behalf and interest from violating the provisions of § 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1); and

(2) For all appropriate relief, including:

  a. Payment to Mr. Jimenez for lost wages and benefits and compensatory damages including emotional distress damages, plus pre- and post-judgment interest accruing thereon; and

  b. For an Order directing Defendant USPS to expunge any adverse references from Mr. Jimenez's personnel record and reinstate Mr. Jimenez with full-time employment and all attendant benefits and privileges; and

  c. For an Order directing Defendant USPS and its officers, supervisors, and lead employees to be trained in the whistleblower provisions of the Act; and

  d. For an Order requiring posting in a prominent place at Defendant USPS' University Place Branch in Tacoma, Washington facility for 90 (ninety) days a Notice stating Defendant USPS will not in any manner discriminate against employees because of engagement, whether real, perceived, or suspected, in activities protected by Section 11(c) of the Act; and

Complaint Page | 4

U.S. Dept. of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7750

e.  For an Order granting such other and further relief as may be necessary and appropriate in this action, including costs and attorneys' fees.

Dated: December 22, 2022

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

JEANNIE GORMAN
Whistleblower Coordinator

s/Danielle L. Jaberg
DANIELLE L. JABERG, Senior Trial Attorney
Attorneys for Secretary of Labor
U.S. Department of Labor

*Complaint Page | 5*

U.S. Dept. of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7750